[Cite as *State v. Triggs*, 2010-Ohio-4178.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PUTNAM COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,                      CASE NO.  12-10-03

     v.

DAVID TRIGGS,                              **O P I N I O N**

     DEFENDANT-APPELLANT.

Appeal from Putnam County Common Pleas Court
Trial Court No. 2009 CR 53

**Judgment Affirmed**

**Date of Decision:**    September 7, 2010

APPEARANCES:

    *Joseph A. Benavidez*  for Appellant

    *Todd C. Schroeder*  for Appellee

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant David Triggs ("Triggs") brings this appeal from the judgment of the Court of Common Pleas of Putnam County sentencing him to a total of ten years in prison. For the reasons set forth below, the judgment is affirmed.

{¶2} On September 25, 2009, the Putnam County Grand Jury indicted Triggs on three counts of rape in violation of R.C. 2907.02 and one count of kidnapping in violation of R.C. 2905.01, all felonies of the first degree. Triggs entered pleas of not guilty to all charges. On October 5, 2009, Triggs filed a not guilty by reason of insanity plea and a motion requesting a competency evaluation. Pursuant to a negotiated plea with the State, Triggs, on December 30, 2009, changed his plea to guilty to the first two counts of the indictment which were amended to sexual battery in violation or R.C. 2907.03, felonies of the third degree. The State, in exchange agreed to dismiss all remaining counts and to remain silent on sentencing. On February 16, 2010, a sentencing hearing was held and trial court imposed five years in prison on each count and ordered the sentences to be served consecutively. Triggs appeals from this judgment and raises the following assignment of error.

> **[Triggs] is entitled to an appeal of his sentence as a matter of right pursuant to the trial court imposing maximum sentences and sentencing [Triggs] contrary to law.**

**{¶3}** Triggs sole assignment of error alleges that the trial court erred by imposing maximum, consecutive sentences. When determining the appropriate sentence, the trial court may consider charges and their supporting facts that are dismissed pursuant to a plea agreement when the defendant is entering a plea to reduced charges. *State v. Bowser*, 186 Ohio App.3d 162, 2010-Ohio-951, 926 N.E.2d 714. "[T]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶37, 846 N.E.2d 1. Appeals of a sentence for any reason, other than an appeal of the application of the factors in R.C. 2929.12, shall be reviewed using a clear and convincing evidence standard as set forth in R.C. 2953.08(G). See concurring opinion in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, ¶42, 896 N.E.2d 124.

**{¶4}** Here, Triggs argues that the trial court imposed a sentence as if he "tendered pleas of guilt (sic) to charges of rape instead of sexual battery." Br. 3. This court notes that before entering the guilty pleas, Triggs was warned that he could receive sentences of up to five years for each conviction and that they could be served consecutively.

**Q. Do you understand that the amendment would be on each of two counts, being Count 1, rape, being amended to sexual battery, and Count 2, rape, being amended to sexual battery?**

**A. Yes, your Honor.**

**Q. Do you understand that each of those counts carries a potential sentence of up to five years in prison and a potential fine of up to $10,000?**

**A. Yes, your Honor.**

**Q. Do you understand that the counts could be ordered consecutive, meaning that the prison term, if ordered, could be ordered to be served one after another, meaning for a total potential time of up to 10 years in prison?**

**A. Yes, your Honor.**

**\* \* \***

**Q. What plea are you entering to Count 1 as amended, being sexual battery, a felony of the third degree?**

**A. Guilty, Your Honor.**

**Q. Are you entering that plea voluntarily?**

**A. Yes, Your Honor.**

**Q. What plea are you entering to Count 2, sexual battery, a felony of the third degree?**

**A. Guilty, Your Honor.**

**Q. Are you entering that plea voluntarily?**

**A. Yes, Your Honor.**

Dec. 30, 2009, Tr. 3-4. At the sentencing hearing, the trial court gave consideration to the pre-sentence investigation and other reports in the record. Based upon the information contained in those documents, as well as Triggs' own statements, the trial court made the following statements at sentencing.

> **The Court: As indicated, the record in front of me shows that there are repeated forcible violent acts of rape that occurred in the events that are before the Court here today. There also appears to be questions about your past sexual activity that have been raised in the pre-sentence report. The activities appear to be a pattern in which you are taking advantage of other individuals including in this case of a significantly developmentally disabled individual, and that they were repeated acts that you knew to be wrong, that you have in the past denied were your responsibility, and clearly were violent acts of sexual offenses.**

Feb. 16, 2010, Tr. 10. Although the offenses to which Triggs entered a guilty plea were amended, the underlying facts did not change. All of the statements made by the trial court concerning the underlying facts and patterns of behavior were set forth in the pre-sentence investigation.[1] The trial court may rely upon the facts set forth in the pre-sentence investigation when determining the sentence to impose. The sentence ordered was within the statutory range. Thus, the trial court did not err and the assignment of error is overruled.

---

[1] The pre-sentence investigation included a claim by Triggs' mother-in-law that he forcibly raped her and a claim by a different cousin that Triggs forcibly raped her. It also contained the victim's statements that Triggs had held her down and forcibly raped her causing pain and injury.

**{¶5}** Having found no error prejudicial to the appellant, the judgment of the Court of Common Pleas of Putnam County is affirmed.

*Judgment Affirmed*

**SHAW and PRESTON, J.J., concur in Judgment Only.**

**/jlr**