[Cite as *State v. Brown*, 2015-Ohio-365.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| STATE OF OHIO, | : | |
|---|---|---|
| Plaintiff-Appellee, | : | CASE NO.   CA2013-12-115 |
| | : | O P I N I O N |
| - vs - | | 2/2/2015 |
| | : | |
| JAMARCUS BROWN, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 13CR29382


David P. Fornshell, Warren County Prosecuting Attorney, Michael Greer, 500 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

McClain Anastasi, LLC, Brandon Charles McClain, 70 Birch Alley, Suite 240, Beavercreek, Ohio 45440, for defendant-appellant


**RINGLAND, P.J.**

{¶ 1} Defendant-appellant, Jamarcus Brown, appeals from his convictions and sentence in the Warren County Court of Common Pleas. For the reasons stated below, we affirm the decision of the trial court.

{¶ 2} On August 3, 2013, appellant was arrested at Cincinnati Premium Outlets in Monroe, Ohio after he was accused of shoplifting and fled from Monroe Police Officer Chad

Caudill in a motor vehicle. While attempting to flee, appellant drove the vehicle into Officer Caudill, Officer Caudill landed on the vehicle's hood, and appellant continued driving. Eventually, Officer Caudill shot appellant and stopped the car. Appellant was indicted for failure to comply with order or signal of police officer while operating a motor vehicle, a third-degree felony, assault, a fourth-degree felony, and felonious assault, a first-degree felony.

{¶ 3} A two-day jury trial began on November 21, 2013. On the morning of the second day of trial, a member of the jury, Juror No. 6, observed appellant in shackles while he was transported into the courtroom by law enforcement. While appellant was in shackles for transport, he was not restrained during the jury trial. The trial court questioned Juror No. 6 about the incident and permitted him to remain on the jury.

{¶ 4} At the conclusion of trial, the jury found appellant guilty of failure to comply with order or signal of a police officer and found appellant's operation of the motor vehicle caused a substantial risk of serious harm to persons or property. The jury also found appellant guilty of assault and the victim of the offense was a police officer. The jury acquitted appellant of felonious assault.

{¶ 5} The trial court held a sentencing hearing on November 26, 2013. During the hearing, the prosecution referenced a pending criminal case in Montgomery County against appellant for fleeing from a police officer. Thereafter, the court sentenced appellant to 24 months in prison for failure to comply and 12 months in prison for assault. The sentences were ordered to be served consecutively, for a total prison term of 36 months.

{¶ 6} Appellant now appeals, asserting two assignments of error.

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE TRIAL COURT ABUSED ITS DISCRETION BY PERMITTING JUROR #6 TO REMAIN ON THE JURY AFTER HE OBSERVED MR. BROWN BEING TRANSPORTED TO THE COURTROOM IN RESTRAINTS.

- 2 -

{¶ 9} Appellant argues the trial court erred when it permitted Juror No. 6 to continue on the jury after he observed appellant in restraints. Appellant maintains that allowing Juror No. 6 to remain violated his Due Process rights.

{¶ 10} A criminal defendant's right to be free from shackles in the presence of the jury is grounded in the Due Process clause of the Fourteenth and Fifth Amendments to the United States Constitution. *Deck v. Missouri*, 544 U.S. 622, 629, 125 S.Ct. 2007 (2005). A defendant may not appear before the jury in restraints "absent a trial court determination, in the exercise of its discretion, that [the physical restraints] are justified by a state interest specific to a particular trial." *Id.* However, when a juror's view of a defendant in restraints is "brief, inadvertent, and outside the courtroom," the risk of prejudice is slight. *State v. Blankenship*, 102 Ohio App. 3d 534, 552 (12th Dist.1995), citing *State v. Kidder*, 32 Ohio St.3d 279, 285-286 (1987). "The ultimate question is the degree of prejudice, if any, which such brief exposure caused." *Id.*, quoting *State v. Chitwood*, 83 Ohio App.3d 443, 448 (1st Dist.1992).

{¶ 11} Appellant failed to object to the court's decision not to remove Juror No. 6 and has therefore waived any error on appeal except plain error. According to Crim.R. 52(B), "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Plain error does not exist unless, but for the error, the outcome of the trial would have been different. *State v. Blacker*, 12th Dist. Warren No. CA2008-07-094, 2009-Ohio-5519, ¶ 39.

{¶ 12} In the case at bar, before closing arguments, the court questioned Juror No. 6 about seeing appellant in restraints:

> [Court]: First off put you at ease, you're not in any trouble, I'm just trying to find out what happened. Did you see this defendant yesterday?
>
> [Juror No. 6]: It was this morning.

[Court]: This morning and where did you see him?

[Juror No. 6]: The officer was bringing him in with the other gentlemen.

[Court]: Did you tell any of another [sic] jurors what you had observed?

[Juror No. 6]: No.

[Court]: You discussed this with no one?

[Juror No. 6]: No.

[Court]: You were just reporting for jury duty, you happened to encounter him being transported into the courtroom?

[Juror No. 6]: Correct.

[Court]: Now the fact that he was in custody does that influence how you're going to decide this case in any way?

[Juror No. 6]: I don't believe so.

[Court]: You're not, you understand it's my decision whether he's in custody or not, it has nothing to do with whether he's guilty of the crime it simply means that I've chosen that this is the way he going to be moved.

* * *

[Court]: So first I want to ask will you promise not to discuss with any of the other jurors what you saw?

[Juror No. 6]: Yes.

[Court]: Secondly, will it lead you to think differently about him then if he just walked in like you did free and unfettered?

[Juror No. 6]: No.

[Court]: You understand that that's not evidence of anything, it doesn't prove that he did anything?

[Juror No. 6]: Correct.

[Court]: You're still willing to give him the benefit of the doubt that he's presumed innocent unless and until the evidence

proves him guilty beyond a reasonable doubt.

[Juror No. 6]: Yes.

{¶ 13} We find the trial court did not commit plain error in permitting Juror No. 6 to remain on the jury. Juror No. 6's view of appellant while he was restrained was inadvertent and brief. Additionally, the exchange between the trial court and Juror No. 6 demonstrated that Juror No. 6 was not influenced by viewing appellant in restraints. Juror No. 6 stated that he did not believe he was influenced by seeing appellant in custody, it did not change his view of the case, and appellant was presumed innocent until proven guilty. He also explained he had not told the other jurors about the incident. After questioning Juror No. 6, the court determined he remained qualified to stay on the jury. *See State v. Miller*, 12th Dist. Butler No. CA2009-04-106, 2010-Ohio-1722, ¶ 21 (trial court in best position to judge juror's impartiality). Lastly, there is no evidence that appellant's substantial rights were affected, especially in light of the fact that the jury acquitted appellant of felonious assault, which is a first-degree felony and carried the greatest penalty.

{¶ 14} Consequently, the trial court did not err in allowing Juror No. 6 to remain on the jury. Appellant's first assignment of error is overruled.

{¶ 15} Assignment of Error No. 2:

{¶ 16} THE TRIAL COURT ABUSED ITS DISCRETION BY UNLAWFULLY CONSIDERING AN UNRELATED PENDING CRIMINAL CASE IN IMPOSING A SENTENCE ON MR. BROWN.

{¶ 17} Appellant argues his sentence is an abuse of discretion because during sentencing the court considered appellant's pending criminal charge in Montgomery County and due to that charge, sentenced him more harshly. Appellant maintains that considering a charge in a case that has not been resolved violates the presumption of innocence afforded to criminal defendants.

{¶ 18} "The standard of review set forth in R.C. 2953.08(G)(2) shall govern all felony sentences." *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6, quoting *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 7. Pursuant to R.C. 2953.08(G)(2), when hearing an appeal of a trial court's felony sentencing decision, "the appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing." However, as explicitly stated in R.C. 2953.08(G)(2), "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion."

{¶ 19} Instead, an appellate court may take any action authorized under R.C. 2953.08(G)(2) only if the court "clearly and convincingly finds" that either: (1) "the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant," or (2) "[t]hat the sentence is otherwise contrary to law." A sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly applies postrelease control, and sentences appellant within the permissible statutory range. *Crawford* at ¶ 9; *State v. Elliott*, 12th Dist. Clermont No. CA2009-03-020, 2009-Ohio-5926, ¶ 10.

{¶ 20} The presumption of innocence of the accused in a criminal prosecution is a basic component of our criminal justice system. *Coffin v. United States*, 156 U.S. 432, 453, 15 S.Ct. 394 (1895); *State v. Lane*, 60 Ohio St.2d 112, 115 (1979). "Every person accused of an offense is presumed innocent until proven guilty beyond a reasonable doubt, and the burden of proof for all elements of the offense is upon the prosecution." R.C. 29.01.05(A).

{¶ 21} Several appellate districts have found that a trial court can consider a defendant's pending criminal charges in another case during sentencing. *E.g., State v.*

*Pyles*, 7th Dist. Belmont No. 13 BE 11, 2014-Ohio-4146, ¶ 12. According to the Second District, a sentencing court can consider pending criminal charges pursuant to the language in R.C. 2929.12(D), which lists the recidivism factors and instructs the court to consider "any other relevant factors, as factors indicating that the offender is likely to commit future crimes." *State v. Newton*, 2d Dist. Montgomery No. 18934, 2001 WL 1636339, *5 (Dec. 21, 2001). The Sixth District has reasoned that a court is even permitted to consider "uncharged yet undisputed ongoing conduct" pursuant to the principles and purposes of sentencing under R.C. 2929.11 and the recidivism factors listed in R.C. 2929.12(D). *State v. Hanson*, 6th Dist. Lucas No. L-01-1217, 2002 WL 471677, *2 (Mar. 22, 2002). Additionally, consideration of a "pending felony charge at sentencing [is] appropriate because this information is required to be provided in a [presentence investigation report.]" *State v. Hoolihan*, 11th Dist. Trumbull No. 2012-T-0023, 2012-Ohio-5837, ¶ 16. We find this reasoning persuasive and follow those other appellate districts in holding that during sentencing a trial court can consider a defendant's pending criminal charges.

{¶ 22} In the case at bar, during the sentencing hearing, the prosecution discussed the potential severity of the offense, the fact the victim was a uniformed police officer, and appellant's two prior convictions where he fled from police. The prosecution also noted appellant's pending criminal charge in Montgomery County, stating: "The court's aware of the July 31st incident where he fled from Huber Heights Police and ended up crashing the vehicle at that point in time." The prosecution then mentioned other sentencings factors such as appellant's potential for rehabilitation and his disregard for the safety of others.

{¶ 23} Following mitigation, the trial court discussed the sentence. The court stated: "[Appellant] you've had repeated chances. It's not about chances, it's about finally taking responsibility. You fled the cops its looks like three different times. When a police officer tells you to stop it means stop. When a police officer points a gun at you it absolutely

- 7 -

reinforces the requirement to stop." After a discussion of other sentencing factors, the court sentenced appellant to an aggregate sentence of 36 months imprisonment.

{¶ 24} After reviewing the record, the trial court's sentence is not clearly and convincingly contrary to law. The record demonstrates the trial court considered the purposes and principles of sentencing according to R.C. 2929.11 and balanced the seriousness and recidivism factors within R.C. 2929.12. As part of its consideration of the purposes and principles of sentencing under R.C. 2929.11 and the sentencing factors under R.C.2929.12(D) the trial court was free to consider appellant's pending charge in Montgomery County. The court found appellant is not amenable to a community control sanction pursuant to R.C. 2929.13(F) and properly applied postrelease control. The court imposed a sentence for failure to comply, a third-degree felony, within the permissible statutory range pursuant to R.C. 2929.14(A)(3)(b) and imposed a sentence for assault, a fourth-degree felony, within the statutory range pursuant to R.C. 2929.14(A)(4). Finally, the court correctly ordered the sentences to be served consecutively pursuant to R.C. 2921.331(D). Having considered the purposes and principles of sentencing, properly applying postrelease control, and sentencing appellant within the statutory range for his convictions, the trial court's sentence was not clearly and convincingly contrary to law.

{¶ 25} Appellant's second assignment of error is overruled.

{¶ 26} Judgment affirmed.

HENDRICKSON and PIPER, JJ., concur.