[Cite as *State v. Tabor*, 2015-Ohio-5069.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-T-0064** |
| AMBER STAR TABOR, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2014 CR 00151.

Judgment: Affirmed.

*Dennis Watkins*, Trumbull County Prosecutor, and *LuWayne Annos*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Michael A. Scala*, 244 Seneca Avenue, N.E., Warren, OH 44481 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Amber Tabor, appeals her sentence arguing that her twelve-month prison term must be reversed because the trial court's decision was based upon an impermissible presumption of jail time. For the following reasons, we affirm.

{¶2} Appellant was indicted on one count of burglary and one count of receiving stolen property. She and a co-defendant broke into a residential home and

stole various personal items.

{¶3} In return for dismissal of the receiving stolen property charge, appellant pleaded guilty to the burglary count. The trial court accepted the plea and deferred sentencing pending a pre-sentence investigation.

{¶4} The victim impact statement of one of the two adults who lived in the residence was included in the PSI. The victim stated that, since the burglary took place, her level of nervousness and anxiety has increased, she has difficulty sleeping, and she is extremely vigilant about safety. She also stated that these problems led her to seek counseling.

{¶5} In speaking on appellant's behalf during sentencing, defense counsel asserted that appellant had a difficult childhood, but that, since committing the burglary, she married and became a mother. Resultantly, appellant's life now has stability, and she was willing to pay restitution to the victims. Counsel argued that if the victims had been aware of appellant's history, the tone of their impact statement would not have been "so harsh" and requested that appellant be placed on probation.

{¶6} The state declined response and thereafter, the trial court stated:

{¶7} "All right. I have reviewed the presentence investigation in this matter and there are a few minor scrapes as a juvenile. And then another minor scrape as an adult on this thing. And the issue in this case isn't always, you know, we take into consideration problems that Defendants have in cases, that's taken into consideration. But this Court's opinion of home invasions except in the rare instances where it's a friend or a relative who doesn't experience the kind of trauma that many of these people experience, and I can tell you in this case it's what I typically hear; that I do not sleep at

2

night, they wake up in a panic with some anxiety thinking something else is going to happen to them and these things don't usually last a few weeks, it's sometimes if they're lucky it gets better. Sometimes it's - - anytime they hear that kind of noise it's a life-long sentence to the victims in this case as well. And when I take that into consideration, when people commit their first felony just for a theft offense or a drug offense or receiving stolen property offense, your argument would be well-founded. But home invasions and the trauma that they cause, this Court's opinion is that those are one of the worst types of crimes one can commit absent the actual physical harm to somebody else. And for that reason, the Court does not believe that in this case that probation is appropriate under the circumstances."

{¶8} The trial court then sentenced appellant to a twelve-month prison term and ordered her to pay $1,454 in restitution. Appellant appeals raising one assignment of error for review:

{¶9} "The trial court erred, to the detriment of appellant, by sentencing appellant under a presumption of prison for her conviction of Burglary (F-3), when no such presumption exists in Ohio law."

{¶10} In claiming that the trial court should have sentenced her to a community control sanction in lieu of a prison term, appellant argues that her sentence is contrary to law. Citing the trial court's previously quoted statement at sentencing, she asserts that the court applied its own personal presumption in favor of prison time when such a presumption is not recognized under Ohio law. According to appellant, the trial court concluded that the imposition of a prison term is always justified when a home is invaded during the commission of a burglary.

3

{¶11} As noted above, appellant pleaded guilty to one count of burglary under R.C. 2911.12(A)(3) a third-degree felony. R.C. 2911.12(D). Accordingly, there is no presumption of prison time; instead, a trial court is to consider the basic purposes and principles of sentencing. R.C. 2929.11; 2929.12; and 2929.13(C); *See State v. McCormick*, 6th Dist. Lucas Nos. L-13-1147 and L-13-1148, 2014-Ohio-2433, ¶23.

{¶12} As part of its statement, the trial court simply observed that the victim's problems are consistent with problems many burglary victims experience. In so doing, the trial court references frequent problems of burglary victims in general. This, however, does not mean the trial court operated under a presumption of prison, but properly examined the overriding considerations of sentencing, including, but not limited to, impact upon the victim, consistency, and the need to protect the public. *See* R.C. 2929.11 and 2929.12.

{¶13} An appellate court may modify or vacate a criminal sentence if it clearly and convincingly finds either of the following: "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;" or "(b) That the sentence is otherwise contrary to law." R.C. 2953.08(G)(2). Regarding the second prong, "[a] sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly applies postrelease control, and sentences appellant within the permissible statutory range." *State v. Brown*, 12th Dist. Warren No. CA2013-12-115, 2015-Ohio-365, ¶19.

{¶14} The trial court was not required to make findings under the first prong.

4

R.C. 2953.08(G)(2). In relation to the second prong, the court considered the governing purposes and principles of felony sentencing, as required in R.C. 2929.11 and 2929.12. Furthermore, appellant's twelve-month term falls within the permissible range for a third-degree felony. *See* R.C. 2929.14(A)(3)(b). Therefore, the trial court did not commit error in imposing appellant's sentence.

{¶15} Accordingly, the judgment of the Trumbull County Court of Common Pleas is affirmed.


DIANE V. GRENDELL, J.,

CYNTHIA WESTCOTT RICE, J.,

concur.