[Cite as *State v. Carter*, 2025-Ohio-1217.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

RAYMOND F. CARTER,

    DEFENDANT-APPELLANT.

CASE NO. 5-24-35

O P I N I O N

---

Appeal from Hancock County Common Pleas Court
Trial Court No. 2023 CR 107

**Judgment Affirmed**

**Date of Decision:  April 7, 2025**

---

**APPEARANCES:**

    *Lawrence A. Gold* **for Appellant**

    *Phillip A. Riegle* **for Appellee**

**WILLAMOWSKI, J.**

{**¶1**} Defendant-appellant Raymond F. Carter ("Carter") appeals the judgment of the Hancock County Court of Common Pleas, arguing that the trial court erred in the process of imposing sentence. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{**¶2**} On January 11, 2023, the Perrysburg Police Department received a report from the Internet Crimes Against Children Task Force that a video of a child being sexually assaulted was being distributed on Snapchat. Law enforcement traced the internet protocol address to Carter's residence in Wood County, Ohio. The police then obtained a search warrant for Carter's house and located a collection of roughly 1,400 digital files that were related to the police investigation into the possession of child pornography. This collection included over 400 videos of children being sexually abused that were saved in computer folders entitled "d*ck down kids" and "kids wanna be f**ked"; 600 video recordings of small children in public places; and multiple videos of Carter sexually assaulting children. (PSI).

{**¶3**} One of the seized videos captured Carter raping a one-year-old child. When questioned about this video, Carter admitted that he had this rape filmed while he was babysitting the one-year-old child in Findlay, Ohio. He then admitted to raping this same child again four years later in Hancock County. Carter had this

second rape filmed and saved this video file under the name "Eating [Child Victim]'s Ass." (Tr. 15). Carter was also in possession of hundreds of pornographic images of this child victim. He also affirmed that he had "multiple child victims." (PSI). The police investigation into these activities led to criminal charges being filed against Carter in Hancock County, Ohio; Wood County, Ohio; Franklin County, Ohio; and Myrtle Beach, South Carolina ("Horry County").

{¶4} In the Hancock County case, Carter pled guilty to two counts of rape in violation of R.C. 2907.02(A)(1)(b), first-degree felonies; two counts of pandering sexually oriented material involving a minor in violation of R.C. 2907.322(A)(5), fourth-degree felonies; one count of attempted illegal use of a minor in nudity-oriented materials or performance in violation of R.C. 2907.323(A)(1) and R.C. 2923.02(A), a third-degree felony; and one count of illegal use of a minor in nudity-oriented material or performance in violation of R.C. 2907.323(A)(1), a second-degree felony. Pursuant to R.C. 2907.02(B), the indictment specified that the victim of the counts of rape was less than ten years old.

{¶5} In advance of sentencing, the State submitted various materials that had been gathered during the police investigation into Carter's possession of child pornography. In response, Carter filed a motion objecting to the use of the following at sentencing: (1) over three hundred pornographic images that depicted the child victim in various states of undress; (2) videos in which Carter raped the child victim in Franklin County two weeks prior to the first rape at issue in this case; and (3) a

video in which the child victim was "molested" as "an infant" in Myrtle Beach.[1] (Tr. 14). Carter argued that these materials should not be considered at sentencing as they led to charges in Franklin, Wood, and Horry counties and were unrelated to the charges in Hancock County.

{¶6} At sentencing on July 23, 2024, the trial court determined that it would consider the challenged materials "to the extent they're relevant." (Tr. 13). On July 26, 2024, the trial court issued its judgment entry of sentencing. The trial court imposed a prison term of life without parole for each of the counts of rape. The prison terms ordered for the remaining charges were imposed concurrently to the life sentences.

*Assignment of Error*

{¶7} Carter filed his notice of appeal on August 22, 2024. On appeal, he raises the following assignment of error:

> **The trial court erred to the prejudice of appellant by improperly considering information outside of the record of the case at appellant's sentencing hearing.**

*Standard of Review*

{¶8} "R.C. 2953.08(G)(2) establishes the scope of appellate review for felony sentences." *State v. Morgan*, 2024-Ohio-625, ¶ 6 (3d Dist.). "Under this provision, an appellate court has the authority to increase, reduce, modify, or vacate

---

[1] Carter's motion conceded that the two videos of Carter raping the child victim in Hancock County and the videos related to Count Five in the indictment in this case were relevant at sentencing.

a sentence if it clearly and convincingly finds that the sentence is contrary to law."

*State v. Manns*, 2024-Ohio-4632, ¶ 6 (3d Dist.).

> Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases.

*Cross v. Ledford*, 161 Ohio St. 469, 477 (1954). Further, the Ohio Supreme Court has held that "contrary to law" means "in violation of statute or legal regulations at a given time." *State v. Bryant*, 2022-Ohio-1878, ¶ 22, quoting Black's Law Dictionary (6th Ed. 1990).

*Legal Standard*

**{¶9}** "[T]he function of the sentencing court is to acquire a thorough grasp of the character and history of the defendant before it." *State v. Wilson*, 2024-Ohio-5557, ¶ 9 (3d Dist.), quoting *State v. Burton*, 52 Ohio St.2d 21, 23 (1977). Thus, "[h]ighly relevant—if not essential—to [the trial court's] selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics." *Wilson* at ¶ 9, quoting *Williams v. New York*, 337 U.S. 241, 247 (1949).

**{¶10}** To further the objectives of sentencing, R.C. 2919.19(A) provides, in its relevant part, the following:

> At the [sentencing] hearing, the offender, the prosecuting attorney, the victim or the victim's representative . . . and, with the approval of the

> court, any other person may present information relevant to the imposition of sentence in the case.

Such information need "not [be] confined to the evidence that strictly relates to the conviction offense because the court is no longer concerned, like it was during trial, with the narrow issue of guilt." *State v. Njideka*, 2020-Ohio-6644, ¶ 11 (2d Dist.), quoting *State v. Bowser*, 2010-Ohio-951, ¶ 14 (2d Dist.). Rather, "a sentencing court may consider information outside the offense charged and those facts as it is necessary to 'determine the type and extent of punishment after the issue of guilt has been determined.'" *Wilson* at ¶ 9, quoting *Williams* at 247.

{¶11} In this process, the trial court may consider information that would not otherwise be admissible at trial. *State v. Miranda*, 2012-Ohio-3971, ¶ 17 (10th Dist.). *See State v. Brown*, 2022-Ohio-4689, ¶ 18 (3d Dist.) (In general, "the Ohio Rules of Evidence do not strictly apply to sentencing proceedings."). At sentencing, "[f]ew things can be so relevant as other criminal activity of the defendant." *State v. Grashel*, 2025-Ohio-580, ¶ 27 (4th Dist.), quoting *Burton* at 23. Thus, trial courts are permitted to "consider a defendant's pending criminal charges" as "this information is required to be provided in a [presentence investigation report.]" (Brackets sic.) *State v. Brown*, 2015-Ohio-365, ¶ 18 (12th Dist.), quoting *State v. Hoolihan*, 2012-Ohio-5837, ¶ 21 (11th Dist.).

{¶12} Nonetheless, "[a] sentencing court may only consider information that is properly before it at the sentencing hearing and cannot consider information from

outside of the record." *State v. Fowler*, 2022-Ohio-3499, ¶ 15 (6th Dist.), citing *State v. Bayliff*, 2010-Ohio-3944, ¶ 27 (3d Dist.). "Where the trial court relies on information outside the record, a defendant's due process rights may be violated." *State v. McManus*, 2015-Ohio-2393, ¶ 31 (8th Dist.). For these reasons, a sentence may be contrary to law if it was based upon an unauthorized source of information from outside of the record. *State v. Taylor*, 2024-Ohio-2107, ¶ 15 (6th Dist.).

*Legal Analysis*

{¶13} Carter raises four main arguments herein. First, he asserts that his sentence was rendered contrary to law when the trial court considered materials from outside of the record at sentencing. To substantiate this claim, he points to the fact that the trial court had some of the videos and images obtained during the police investigation into his possession of child pornography that ultimately extended into his activities in four counties. However, all of these materials were a part of the record. Thus, the trial court did not, as Carter asserts, consider information from outside of the record. Accordingly, this first argument is without merit.

{¶14} Second, Carter argues that the identified materials did not directly establish the specific charges in Hancock County and were, therefore, "irrelevant" to his sentencing. (Appellant's Brief, 9). However, "it is well-established in Ohio law that the court may consider information beyond that strictly related to the conviction offense." *State v. Bowser*, 2010-Ohio-951, ¶ 15 (2d Dist.). *See also*

*State v. Elkins*, 2023-Ohio-1358, ¶ 19 (5th Dist.); *State v. Ali*, 2019-Ohio-3864, ¶ 12 (10th Dist.); *State v. Corey*, 2022-Ohio-4568, ¶ 79 (11th Dist.).

{¶15} Additionally, a cursory review of these videos and digital images makes their relevance at sentencing readily apparent. In this case, a police investigation into Carter's possession of child pornography began where he lived in Wood County and uncovered related activities in Hancock, Franklin, and Horry counties, leading to the charges in this case. The videos and images at issue also involve the same child victim and were found in the same investigation.

{¶16} Given these facts, the challenged materials were, among other things, clearly relevant to providing the immediate context surrounding the charges in this case. *See State v. Mayle*, 2023-Ohio-684, ¶ 14 (5th Dist.) (holding that "the trial court not only is permitted, but is 'mandated, to consider the circumstances of the offense.'"), quoting *State v. Cassidy*, 21 Ohio App.3d 100, 101 (9th Dist. 1984). Thus, at sentencing, the trial court explained that these materials were "relevant to a bigger picture about what is going on" in this case. (Tr. 12). Accordingly, this second argument is without merit.

{¶17} Third, Carter argues that these materials were not properly before the trial court as some of these materials involved uncharged conduct. As an initial matter, we note that the presentence investigation report indicates that the pending charges in Wood, Franklin, and Horry counties arose from the challenged video

recordings that captured Carter raping and molesting the child victim.[2] Trial courts "can consider a defendant's pending criminal charges" as "this information is required to be provided in a [PSI.]" *Brown*, 2015-Ohio-365, ¶ 18, quoting *Hoolihan*, 2012-Ohio-5837, ¶ 21. In this case, the trial judge noted at sentencing that he "can consider other pending matters" but made clear that he was "not considering them as evidence of having been convicted in these other jurisdictions." (Tr. 12-13).

**{¶18}** In this argument, Carter primarily points to the pornographic images of the child victim, arguing that not each of these images resulted in a charge. However, these images are identified in the presentence investigation report. Trial courts can "consider information [contained in a PSI] concerning a defendant's previous criminal history including uncharged yet undisputed conduct." (Brackets sic.) *State v. Hale*, 2014-Ohio-262, ¶ 31 (3d Dist.), quoting *State v. Steward*, 2003-Ohio-4082, ¶ 26 (4th Dist.). *See also State v. Ballard*, 2023-Ohio-3391, ¶6 (2d Dist.); *State v. Cooper*, 2010-Ohio-1983, ¶ 15 (8th Dist.); *State v. Cardwell*, 2016-Ohio-5591, ¶ 15 (10th Dist.); *State v. Russell*, 2020-Ohio-3243, ¶ 116 (11th Dist.).

**{¶19}** In the case before us, the challenged materials were found in Carter's possession and recorded his own criminal conduct. On appeal, Carter does not dispute the authenticity or reliability of the challenged materials. Further, "a reviewing court presumes that a judge will consider only relevant, material, and

---

[2] The presentence investigation indicated that, at the time of sentencing in Hancock County, Carter had pled guilty to charges in Wood County but had not yet been sentenced; that a trial had been scheduled for the pending charges in Franklin County; and that an active warrant had been issued for Carter in Horry County.

competent evidence." *State v. Kline*, 2012-Ohio-4345, ¶ 8 (3d Dist.). In this case, the trial court was cautious in its handling of this information, making clear that it was considering these materials "only to the extent that they may . . . be relevant to the issues of sentencing." (Tr. 91). At sentencing, the trial court conducted an extensive review of the facts of this case under the relevant statutory factors. Having examined the record, we find no reason to dispense with the aforementioned presumption. Accordingly, this third argument is without merit.

{¶20} Finally, Carter argues that these challenged materials were improperly submitted to "shock" the trial court, resulting in the imposition of a prison term of life without parole instead of a prison term of life with parole. (Appellant's Brief, 9). However, even if the challenged materials had been excluded, the record would still contain two graphic videos in which Carter had himself filmed raping the child victim at the tender ages of one and five. Given the unconscionable nature of the acts captured in these two videos, no additional materials are required to put any reasonable person's conscience into a state of shock. Accordingly, this fourth argument is without merit.

{¶21} In summary, none of Carter's arguments establish that his sentence is clearly and convincingly contrary to law. The trial court did not consider evidence from outside the record. Additionally, the record contains no indication that that the trial court handled any of the materials before it inappropriately in the process of fashioning a sentence. Accordingly, the sole assignment of error is overruled.

*Conclusion*

**{¶22}** Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of Hancock County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**WALDICK, P.J. and ZIMMERMAN, J., concur.**

**/hls**