[Cite as *State v. Smalley*, 2019-Ohio-1572.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HENRY COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

WESLEY SMALLEY,

    DEFENDANT-APPELLANT.

CASE NO. 7-18-30

O P I N I O N

Appeal from Henry County Common Pleas Court
Trial Court No. 18 CR 0014

Judgment Affirmed

Date of Decision:  April 29, 2019

APPEARANCES:

    *Sarah R. Anjum* for Appellant

    *Gwen Howe-Gebers* for Appellee

**WILLAMOWSKI, J.**

{**¶1**} Defendant-appellant Wesley Smalley ("Smalley") appeals the judgment of the Henry County Court of Common Pleas, alleging that he was denied his right to the effective assistance of counsel. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{**¶2**} On February 28, 2018, Smalley was indicted on one count of cruelty to a companion animal in violation of R.C. 959.131(C). After a bench trial on August 21, 2018, the trial court found Smalley guilty. Doc. 57. On October 1, 2018, Smalley was sentenced to two years of community control and fourteen days in the Correctional Center of Northwest Ohio, being granted work release for the first seven days and being subject to GPS/house arrest for the remaining seven days. Doc. 64.

*Assignment of Error*

{**¶3**} Smalley filed his notice of appeal on October 17, 2018. Doc. 68. On appeal, he raises the following assignment of error:

> **Trial counsel committed ineffective assistance of counsel when it failed to make any record of plea negotiations.**

Smalley points to the absence of plea negotiations as evidence that his trial counsel was deficient.

*Legal Standard*

**{¶4}** "Under Ohio law, 'a properly licensed attorney is presumed to carry out his duties in a competent manner.'" *State v. Beaver*, 3d Dist. Marion No. 9-17-37, 2018-Ohio-2438, ¶ 26, quoting *State v. Gee*, 3d Dist. Putnam No. 12-92-9, 1993 WL 270995 (July 22, 1993). For this reason, the appellant has the burden of proving that he or she was denied the right to the effective assistance of counsel. *State v. Brown*, 3d Dist. Hancock No. 5-17-19, 2018-Ohio-899, ¶ 42. "In order to prove an ineffective assistance of counsel claim, the appellant must carry the burden of establishing (1) that his or her counsel's performance was deficient and (2) that this deficient performance prejudiced the defendant." *State v. McWay*, 3d Dist. Allen No. 1-17-42, 2018-Ohio-3618, ¶ 24, quoting *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**{¶5}** In order to establish deficient performance, the appellant must demonstrate that trial "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *State v. Howton*, 3d Dist. Allen No. 1-16-35, 2017-Ohio-4349, ¶ 35, quoting *Strickland* at 687. In order to establish prejudice, "the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *State v. Davis*, 3d Dist. Seneca No. 13-16-30, 2017-Ohio-2916, ¶ 36, quoting *State v. Bibbs*, 3d Dist. Hancock No. 5-16-11, 2016-Ohio-8396, ¶ 13. If the appellant does not establish one of these two prongs, the appellate

court does not need to consider the facts of the case under the other prong of the test. *State v. Baker*, 3d Dist. Allen No. 1-17-61, 2018-Ohio-3431, ¶ 19, citing *State v. Walker*, 2016-Ohio-3499, 66 N.E.3d 349, ¶ 20 (3d Dist.).

*Legal Analysis*

**{¶6}** In his brief, Smalley argues that his counsel failed to record any plea negotiations that may have occurred. Smalley asserts that a plea agreement offer would have been "routine" in a case such as this one, possibly suggesting that there may have been a plea agreement offer from the State that was not communicated to him by his trial counsel. Appellant's Brief, 8. Smalley then contends that he was "likely prejudiced by the lack of plea negotiations." Appellant's Brief, 8.

**{¶7}** These arguments are entirely speculative. In this case, there is no evidence in the record that indicates that the State made a plea offer to Smalley's trial counsel or that the State was even interested in entering into plea negotiations.[1] We cannot conclude that trial counsel was ineffective for failing to negotiate a plea agreement when the appellant has not offered any evidence that such an option was even available to his trial counsel. Similarly, we cannot conclude that trial counsel was ineffective for failing to preserve a record of plea negotiations when appellant has presented no evidence that plea negotiations occurred.

---

[1] The State, in its brief, represents that the prosecution made no offer of a plea agreement "other than to plead to the indictment as charged" because "the offense was a low level felony * * *." Appellee's Brief, 7.

{¶8} No evidence has been presented on appeal to substantiate the claim that Smalley was denied his right to the effective assistance of counsel. Smalley has not, in any of his arguments, carried the burden of proving that his trial counsel's performance was deficient. For these reasons, Smalley's first assignment of error is overruled.

## *Conclusion*

{¶9} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Henry County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**ZIMMERMAN, P.J. and PRESTON, J., concur.**

**/hls**