OPINION
{¶ 1} The defendant-appellant, Mario Terrell, pro se, appeals the judgment of the Wyandot County Court of Common Pleas denying his motion to vacate and set aside costs, fines, or restitution.
 {¶ 2} Terrell and two other individuals broke into a gas station in Carey, Ohio and stole approximately 200 cartons of cigarettes valued at approximately $7,365. Subsequently, all of the cigarettes were recovered from Terrell and his accomplices.
 {¶ 3} In September 2003, Terrell was charged with one count of Breaking and Entering and one count of Grand Theft, and in October 2003, the trial court determined Terrell to be indigent and appointed counsel. On October 15, 2003, Terrell plead guilty to both counts.
 {¶ 4} On December 11, 2003, Terrell was sentenced to serve eight months for the Breaking and Entering charge and sixteen months for the Grand Theft charge. The trial court ordered his sentences to be served consecutively. Furthermore, the trial court ordered Terrell to pay all costs of prosecution, attorney's fees, and to reimburse the gas station in the amount of $908.80, to be shared with his accomplices, for the damages caused by the Breaking and Entering.
 {¶ 5} On October 20, 2004, Terrell filed a motion to vacate and set aside costs, fines, or restitution. The trial court denied this motion on October 28, 2004, and Terrell appeals alleging four assignments of error. For the sake of judicial economy, all four assignments of error will be consolidated.
The wyandot county common pleas court acted in a whimsical andarbitrary manner in den[y]ing defendant his sixth amendment rights of dueprocess, when it denied defendant's motion without a response from theprosecution.
 The wyandot county common pleas court acted in a whimsical andarbitrary manner in den[y]ing defendant his sixth amendment rights of dueprocess, when it denied defendant's motion, by not accepting defendant[']saffidavit as truthful.
 The wyandot county common pleas court acted [in a] whimsical andarbitrary manner in ruling that the time to appeal has passed, thusden[y]ing defendant due process of the sixth amendment.
 The wyandot county common pleas court acted in a whimsical andarbitrary manner in den[y]ing defendant[']s motion for the violation ofthe plea agreement, thus relieving the state [of] its burden to disproveany plea agreement [sic], in vi[o]lation of defendant[']s sixth amendmentright to due process.
 {¶ 6} In the first three assignments of error, Terrell argues that because he is indigent, the trial court erred when it ordered him to pay restitution, court costs, and attorney's fees.
 {¶ 7} In State v. White, 103 Ohio St.3d 580, 2004-Ohio-5989, at ¶ 8, the Ohio Supreme Court held that "R.C. 2947.23 does not prohibit a court from assessing costs against an indigent defendant; rather it requires a court to assess costs against all convicted defendants." Furthermore, inState v. Felder, 3rd Dist. No. 9-04-51, 2005-Ohio-546, we held that ordering an indigent defendant to pay restitution and attorney's fees is permissible so long as the trial court considers the defendant's indigency.
 {¶ 8} In the instant case, Terrell was appointed counsel because he was indigent. Therefore, the trial court at sentencing, was aware that Terrell was indigent before the court ordered him to pay court costs, restitution, and attorney's fees. Accordingly, the first, second, and third assignments of error are overruled.
 {¶ 9} In Terrell's fourth assignment of error, he contends that not paying restitution was part of his plea agreement. We summarily reject this argument because the plea agreement that Terrell signed stated "[r]estitution, Court costs, and other financial sanctions may be imposed in my case." Accordingly, the fourth assignment of error is overruled.
Judgment Affirmed.
 Bryant and Rogers, JJ., concur.