[Cite as *State v. Petrie*, 2013-Ohio-887.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
MEIGS COUNTY

STATE OF OHIO,                               :        Case No. 12CA4
                                             :
    Plaintiff-Appellee,                      :
                                             :        <u>DECISION AND</u>
    v.                                       :        <u>JUDGMENT ENTRY</u>
                                             :
SHAWN PETRIE,                                :
                                             :        **RELEASED 02/22/13**
                                             :
    Defendant-Appellant.                     :
_____

<u>APPEARANCES</u>:

Timothy Young, Ohio State Public Defender, and E. Kelly Mihocik, Ohio State Assistant
Public Defender, Columbus, Ohio, for appellant.

Colleen S. Williams, Meigs County Prosecutor, and Amanda Bizub-Franzmann, Meigs
County Assistant Prosecutor, Pomeroy, Ohio for appellee.
_____

Harsha, J.

{¶1}   Shawn Petrie appeals the portion of his sentence imposing a $5000 fine

and argues that the trial court erred by imposing the fine without considering his present

and future ability to pay. We agree. Although the court ordered a presentence

investigation report, the judge stated at the sentencing hearing that he was unaware of

Petrie's financial situation. Therefore, the totality of the record shows that the court did

not consider his present and future ability to pay as required by R.C. 2929.19(B)(5).

Accordingly, we sustain his assignment of error and reverse that portion of his

sentence.

I. FACTS

{¶2}   Shawn Petrie entered into a plea negotiation with the state in which he

agreed to plead guilty to sexual battery, and in exchange the state would dismiss the

remaining charges of rape and kidnapping.  The court accepted Petrie's plea and continued the matter so that it could have the benefit of a presentence investigation report for sentencing.  Thereafter, the trial court sentenced Petrie to three years imprisonment and imposed a $5000 fine, to which Petrie objected.  He now appeals the fine only.

## II. ASSIGNMENTS OF ERROR

{¶3}    Petrie raises two assignments of error for our review:

1. "THE TRIAL COURT ERRED WHEN IT IMPOSED A $5000 FINE WITHOUT CONSIDERING MR. PETRIE'S PRESENT AND FUTURE ABILITY TO PAY THAT FINE."

2. "MR. PETRIE'S ATTORNEY WAS INEFFECTIVE BECAUSE HE FAILED TO SUBMIT A LETTER TO THE COURT EXPLAINING WHY THE $5,000 FINE SHOULD NOT BE IMPOSED."

## III. LAW AND ANALYSIS

{¶4}    First, Petrie argues that the trial court erred by ordering him to pay a $5000 fine without considering his present and future ability to pay.  "Before imposing a financial sanction under section 2929.18 of the Revised Code * * * the court shall consider the offender's present and future ability to pay the amount of the sanction * * *." R.C. 2929.19(B)(5).  A fine imposed for a felony conviction is considered a financial sanction. R.C. 2929.18.

{¶5}    Petrie was convicted of sexual battery, a felony of the third degree.  Under R.C. 2929.18(A)(3)(c), a trial court may impose a fine for a third-degree felony up to $10,000.  A trial court does not need to make a specific finding, but there must be some evidence in the record that it considered the defendant's ability to pay. *State v. Williams*, 4th Dist. No. 08CA3, 2009-Ohio-657, ¶ 20.  We look at the "totality of the record" to see

if the trial court has satisfied this requirement.  *Id.*  If the record shows that the court considered a presentence investigation report that provides pertinent information about the offender's financial situation and his ability to pay the financial sanction, it has met its obligation under R.C. 2929.19(B)(5). *Id.*

{¶6}    Here, although the trial court ordered a presentence investigation report, it stated at the sentencing hearing, "I don't know [Petrie's] economic situation but I'm going to impose a $5000 fine and the court costs."  Thus, even though the court stated in its sentencing entry that it considered the presentence investigation report, the record unequivocally shows that the court was unaware of Petrie's economic situation. Therefore, we agree that the court erred by ordering Petrie to pay the fine without first considering his ability to pay and sustain his first assignment of error.

{¶7}    Petrie also argues that his trial counsel was ineffective for failing to file a letter with the court explaining his financial situation and claims that there was a reasonable probability the court would have waived his fine if his attorney had filed such a letter.  However, in light of our determination that the court erred by imposing the fine, this argument is moot.  Accordingly, we choose not to address it. *See* App.R. 12(A)(1)(c).

{¶8}    In conclusion, we sustain Petrie's first assignment of error and vacate the portion of his sentence imposing a fine.  As a result, we remand the matter to the trial court so that it may consider Petrie's present and future ability to pay any potential fine.

                                                    JUDGMENT REVERSED
                                                    AND CAUSE REMANDED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS REVERSED and that the CAUSE IS REMANDED.  Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Meigs County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

McFarland, P.J. & Abele, J.:  Concur in Judgment and Opinion.

For the Court

BY: _____
    William H. Harsha, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**