[Cite as *State v. Wilkins*, 2014-Ohio-983.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SHELBY COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,             CASE NO.  17-13-13

      v.

TEVYN NEVADA WILKINS,          **O P I N I O N**

      DEFENDANT-APPELLANT.

---

**Appeal from Shelby County Common Pleas Court
Trial Court No. 13CR000041**

**Judgment Affirmed**

**Date of Decision:  March 17, 2014**

---

**APPEARANCES:**

    *Sheryl Trzaska* **for Appellant**

    *Melissa L. Wood* **for Appellee**

**PRESTON, J.**

{¶1} Defendant-appellant, Tevyn Nevada Wilkins ("Wilkins"), appeals the Shelby County Court of Common Pleas' judgment entry of sentencing. We affirm.

{¶2} On February 28, 2013, the Shelby County Grand Jury indicted Wilkins on four counts: Counts One and Two of aggravated robbery, violations of R.C. 2911.01(A)(1), first-degree felonies; Count Three of burglary in violation of R.C. 2911.12(A)(1), a second-degree felony; and, Count Four of receiving stolen property in violation of R.C. 2913.51, a fourth-degree felony.[1] (Doc. No. 3). The indictment included a firearm specification as to Count One. (*Id.*).

{¶3} The trial court held an arraignment hearing on March 6, 2013, at which Wilkins, represented by counsel, entered pleas of not guilty. (Mar. 6, 2013 Tr. at 7); (Doc. No. 11).

{¶4} On April 26, 2013, the parties reached a negotiated plea agreement, and the trial court held a change-of-plea hearing. (Doc. No. 30); (Apr. 26, 2013 Tr. at 3). As part of the plea agreement, Wilkins agreed to plead guilty to Counts One and Two, and plaintiff-appellee, State of Ohio, agreed to dismiss Counts Three and Four and the firearm specification. (*Id.*); (*Id.*). The trial court accepted Wilkins' guilty pleas and found him guilty of Counts One and Two. (Apr. 26,

---

[1] Because Wilkins was 16 years old at the time of the charged offenses, the charges originated in the trial court's Juvenile Division, and jurisdiction was transferred to the trial court's General Criminal Division so Wilkins could be prosecuted as an adult. (*See* Doc. Nos. 1, 2).

2013 Tr. at 13); (Doc. No. 31). The trial court ordered a presentence investigation and scheduled a sentencing hearing. (Apr. 26, 2013 Tr. at 13); (Doc. Nos. 31, 36, 54).

{¶5} The trial court held the sentencing hearing on July 1, 2013. (July 1, 2013 Tr. at 3); (Doc. No. 66). In the written plea agreement, the parties agreed to jointly recommend an aggregate term of five years imprisonment. (*See* Doc. No. 30). The trial court sentenced Wilkins to four years imprisonment on each count, with the sentences to be run concurrently. (July 1, 2013 Tr. at 10-11); (Doc. No. 66). The trial court also ordered that Wilkins pay restitution to the victim in the amount of $21,281, as well as all costs of prosecution, the costs of court-appointed counsel, and any fees permitted under R.C. 2929.18(A)(4). (*Id.*); (*Id.*). The trial court filed its judgment entry of sentencing on July 5, 2013. (Doc. No. 66).

{¶6} On August 5, 2013, Wilkins filed a notice of appeal. (Doc. No. 83). He raises three assignments of error for our review.

### Assignment of Error No. I

**The trial court committed plain error when it imposed an amount of restitution without competent, credible evidence linking that amount to the actual economic loss suffered by the victim. R.C. 2919.18(A)(1). (July 1, 2013 T.pp. 10-11; July 5, 2013 Judgment Entry of Sentencing.)**

{¶7} In his first assignment of error, Wilkins argues that the trial court committed plain error by ordering him to pay $21,281 in restitution, because there

is insufficient information in the record to support the restitution order. Specifically, while Wilkins acknowledges that the victim impact statement contained a handwritten list of the property stolen and their corresponding values, he argues that there was no testimony, receipts, or other documentation offered to support those values and that the amount of restitution is not supported by competent, credible evidence linking that amount to the actual economic loss suffered by the victim.

{¶8} Wilkins concedes that he did not object to the restitution ordered by the trial court. "'A failure to object to the trial court's award of restitution waives all but plain error.'" *State v. Miller*, 3d Dist. Allen No. 1-09-32, 2009-Ohio-6157, ¶ 5, quoting *State v. Stewart*, 3d Dist. Wyandot No. 16-08-11, 2008-Ohio-5823, ¶ 7. "In order to have plain error under Crim.R. 52(B), there must be an error, the error must be an 'obvious' defect in the trial proceedings, and the error must have affected 'substantial rights.'" *Stewart* at ¶ 7, citing *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). "Plain error exists only in the event that it can be said that 'but for the error, the outcome of the trial would clearly have been otherwise.'" *Id.*, quoting *State v. Biros*, 78 Ohio St.3d 426, 431 (1997). "Plain error is to be used 'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *Id.*, quoting *Barnes* at 27. "[I]mposition of a sentence not authorized by statute constitutes plain error." *Id.*, citing *State v.*

*Rhoda*, 135 Ohio App.3d 21, 25 (3d Dist.1999) and *State v. Samuels*, 4th Dist. Washington No. 03CA8, 2003-Ohio-6106, ¶ 9.

{¶9} R.C. 2929.18(A)(1) governs restitution orders and "permits a trial court to order a convicted felon to make restitution to the victims of his crime 'in an amount based on the victim's economic loss.'" *State v. Halcomb*, 3d Dist. Seneca No. 13-12-13, 2013-Ohio-1301, ¶ 31, quoting R.C. 2929.18(A)(1). "Economic loss is defined by R.C. 2929.01(L) as, 'any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense and includes any loss of income due to lost time at work because of any injury caused to the victim, and any property loss, medical cost, or funeral expense incurred as a result of the commission of the offense.'" *Id.*, quoting R.C. 2929.01(L).

{¶10} "'In an order of restitution, the amount of restitution must bear a reasonable relationship to the loss suffered.'" *State v. Estes*, 3d Dist. Seneca No. 13-11-14, 2011-Ohio-5740, ¶ 20, quoting *State v. Marbury*, 104 Ohio App.3d 179, 181 (8th Dist.1995). *See also* R.C. 2929.18(A)(1). "There must be competent and credible evidence in the record from which the court may ascertain the amount of restitution to a reasonable degree of certainty." *Id.* The trial court may base the amount of restitution it orders on any of a number of sources:

an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense.

R.C. 2929.18(A)(1). *See also State v. Kline*, 3d Dist. Henry No. 7-12-03, 2012-Ohio-4345, ¶ 10 (affirming the trial court's restitution order, which was based on an amount recommended by the victim in his victim impact statement, and which represented the economic loss suffered by the victim). If the offender or the victim disputes the amount of restitution, the trial court must hold a hearing on restitution. *State v. Lamere*, 3d Dist. Allen No. 1-07-11, 2007-Ohio-4930, ¶ 10, citing R.C. 2929.18(A)(1); *State v. Lalain*, 136 Ohio St.3d 248, 2013-Ohio-3093, ¶ 22-23.

{¶11} We conclude that it was not plain error for the trial court to order Wilkins to pay restitution in the amount of $21,281. As Wilkins points out, no testimony or evidence concerning the amount of restitution was presented at any of the hearings. However, the presentence investigation report ("PSI") contains a victim impact statement with copies of handwritten lists itemizing economic losses attached to it. (PSI). The lists detail the victim's stolen property items, including

a bulletproof vest, two firearm holsters, two loaded magazines, a brand new HP Pavilion laptop, jewelry, a coin pouch containing silver dollars, cash, an iPad, three televisions, a Nintendo Wii, an iPod classic, ammunition, two shotguns, a Kershaw knife, and a handgun. (*Id.*). Alongside the property items listed are dollar amounts totaling $21,281. (*Id.*). That total is reflected on the victim impact statement. (*Id.*). The victim impact statement also states that the victim did not have insurance. (*Id.*).

{¶12} The amount of restitution ordered by the trial court—$21,281—bears a reasonable relationship to the loss suffered. R.C. 2929.18(A)(1) allows a trial court to base the amount of restitution it orders "on an amount recommended by the victim" and "a presentence investigation report." The victim impact statement within the PSI contains information concerning the economic detriment—namely, property loss in the amount of $21,281—suffered by the victim as a direct and proximate result of Wilkins' offenses. At the sentencing hearing and in the judgment entry of sentencing, the trial court said it considered the PSI and victim impact statement. (July 1, 2013 Tr. at 9); (Doc. No. 66). Wilkins did not dispute or object to the amount of restitution, so the trial court was not required to hold a hearing. *Lamere* at ¶ 10.

{¶13} For these reasons, it was not plain error for the trial court to order that Wilkins pay restitution to the victim in the amount of $21,281. *See Kline*, 2012-Ohio-4345, at ¶ 10.

{¶14} Wilkins' first assignment of error is overruled.

### Assignment of Error No. II

**The trial court committed plain error when it imposed restitution without determining Tevyn's ability to pay. R.C. 2929.19(B)(5). (July 1, 2013 T.pp. 10-11; July 5, 2013 Judgment Entry of Sentencing.)**

{¶15} In his second assignment of error, Wilkins argues that the trial court committed plain error by ordering him to pay $21,281 in restitution without determining his ability to pay. Specifically, he argues that the trial court should not have ordered him to pay $21,281 in restitution when the PSI report reflected that he was in eighth grade and unemployed, and when the trial court found him indigent.

{¶16} As with Wilkins' first assignment of error, we apply the plain-error standard of review because Wilkins did not object to the restitution ordered by the trial court.

{¶17} R.C. 2929.19(B)(5) requires a trial court to "consider the offender's present and future ability to pay the amount of the sanction" before imposing a financial sanction, such as restitution, under R.C. 2929.18. R.C. 2929.19(B)(5). *See also State v. Parker*, 183 Ohio App.3d 431, 2009-Ohio-3667, ¶ 13 (3d Dist.).

"The trial court is not required to hold a hearing on ability to pay, nor are there any specific factors to consider or findings to make." *Parker* at ¶ 13, citing *State v. Clifford*, 3d Dist. Paulding No. 11-04-06, 2005-Ohio-958, ¶ 14, reversed on other grounds in *In re Ohio Criminal Sentencing Statutes Cases*, 109 Ohio St.3d 313, 2006-Ohio-2109. "The court must merely consider the offender's ability to pay." *Id.*, citing *Clifford* at ¶ 14. "Furthermore, 'a trial court need not explicitly state in its judgment entry that it considered a defendant's ability to pay a financial sanction. Rather, [appellate] courts look to the totality of the record to see if the requirement has been satisfied.'" *State v. Crish*, 3d Dist. Allen No. 1-08-13, 2008-Ohio-5196, ¶ 50, quoting *State v. Smith*, 4th Dist. Ross No. 06CA2893, 2007-Ohio-1884, ¶ 42.

{¶18} "'If the record shows that the court considered a presentence investigation report that provides pertinent information about the offender's financial situation and his ability to pay the financial sanction, it has met its obligation under R.C. 2929.19(B)(5).'" *State v. Bulstrom*, 4th Dist. Athens No. 12CA19, 2013-Ohio-3582, ¶ 15, quoting *State v. Petrie*, 4th Dist. Meigs No. 12CA4, 2013-Ohio-887, ¶ 5. *See also Crish* at ¶ 50 ("When the trial court considers information in the [PSI] relating to the defendant's age, health, education, and employment history, that is sufficient to comply with R.C.

2929.19(B)[(5)].");[2] *State v. Shaffer*, 3d Dist. Union No. 14-09-06, 2009-Ohio-4804, ¶ 19, quoting *State v. Troglin*, 3d Dist. Union No. 14-06-57, 2007-Ohio-4368, ¶ 38 (stating that, generally, R.C. 2929.19(B)(5) is "satisfied where a trial court considered a PSI, which typically contains pertinent financial information").

{¶19} We once again conclude that it was not plain error for the trial court to order that Wilkins pay restitution. We note that while the plea agreement Wilkins signed did not mention an amount of restitution, it did provide that "[c]ourt costs, restitution, and other financial sanctions may also be imposed." (Doc. No. 30). Therefore, to the extent Wilkins argues in his second assignment of error that the trial court committed plain error by ordering any restitution, we summarily reject that argument. *See State v. Terrell*, 3d Dist. Wyandot No. 16-04-16, 2005-Ohio-2253, ¶ 9 (summarily rejecting the defendant's argument that not paying restitution was part of his plea agreement, which stated that "[r]estitution, Court costs, and other financial sanctions may be imposed in my case").

{¶20} As for Wilkins' argument that the trial court failed to consider his ability to pay, the trial court stated at the July 1, 2013 sentencing hearing that it considered the PSI and the comments of Wilkins and his counsel:

---

[2] The ability-to-pay requirement formerly located in R.C. 2929.19(B)(6) is now located in R.C. 2929.19(B)(5). *Bulstrom* at ¶ 14, fn. 2.

> But, again, Mr. Wilkins the Court has reviewed the case file and the
> pre-sentence investigation in this case, takes into consideration your
> comments today as well as those of your Counsel.

(July 1, 2013 Tr. at 9).  In its judgment entry of sentencing, the trial court said it "considered the record, oral statements, any victim impact statement and presentence report prepared * * *."  (Doc. No. 66).

**{¶21}** The PSI contains information concerning Wilkins' age, health, education, and employment status.  (PSI).  Specifically, the PSI states that Wilkins was 16 years old, had no "serious health issues," was "in good physical health," earned his GED, and was unemployed.  (*Id.*).  In an April 30, 2013 letter to the trial court judge, included in the PSI, Wilkins emphatically stated, "i <u>GOT</u> <u>MY</u> <u>G.E.D.</u>!"  (Capitalization and underlining sic.)  (*Id.*).  In the same letter, Wilkins said he planned "to attend college classes."  (*Id.*).

**{¶22}** At the sentencing hearing, Wilkins stated, "I'm sorry for what I've done," and, "I've earned by [sic] GED."  (July 1, 2013 Tr. at 5).  Wilkins' counsel then expressed his hopes and ambitions for Wilkins:

> I still think there's a lot of hope for – for my client due to
> partly his age.  The other part is his intelligence.  He's quite
> intelligent.  I've gotten to know him over the last several weeks, and
> he can do whatever he wants as long as he stays off alcohol, stays off

the streets, and actually pursues his education or pursues a trade. And I mean that.

\* \* \*

Moving forward after a prison sentence obviously is gonna happen today, he would like to definitely change his life and be a hardworking, law-abiding citizen, Your Honor.

(*Id.* at 6-7).

{¶23} The trial court did not explicitly state at the sentencing hearing or in its judgment entry that it considered Wilkins' ability to pay a financial sanction, but it was not required to do so. *See Crish*, 2008-Ohio-5196, at ¶ 50. Rather, the trial court stated that it considered the PSI and the oral statements of Wilkins and his counsel, which addressed Wilkins' age, health, education, employment status, intelligence, and future ambitions upon his release from prison. By considering that information, the trial court satisfied its obligation under R.C. 2929.19(B)(5) to consider Wilkins' present and future ability to pay the amount of restitution ordered by the trial court. *See id.*

{¶24} We reject Wilkins' argument that the trial court committed plain error by ordering him to pay restitution in the amount of $21,281 after finding him indigent and appointing him counsel. "[F]inding that an offender is indigent for purposes of appointment of counsel does not shield an offender from imposition of

a financial sanction." *Clifford*, 2005-Ohio-958, at ¶ 14, citing *State v. Kelly*, 145 Ohio App.3d 277, 283 (12th Dist.2001).

{¶25} For these reasons, the trial court satisfied its statutory obligation to consider Wilkins' ability to pay restitution, and it was not plain error for the trial court to order Wilkins to pay restitution. *See Crish* at ¶ 51.

{¶26} Wilkins' second assignment of error is overruled.

## Assignment of Error No. III

**Defense counsel rendered ineffective assistance by failing to object to the improper imposition of restitution. R.C. 2929.18; Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, Article I, Section 10 of the Ohio Constitution. (July 1, 2013 Tr.pp. 10-11)**

{¶27} In his third assignment of error, Wilkins argues that he was denied effective assistance of counsel when his trial counsel failed to object to the trial court's restitution order because the record did not include competent, credible evidence to support the amount and because the trial court did not consider Wilkins' ability to pay. Wilkins argues that had his counsel objected, the trial court would not have imposed the restitution order.

{¶28} A defendant asserting a claim of ineffective assistance of counsel must establish: (1) the counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant.

*State v. Kole*, 92 Ohio St.3d 303, 306 (2001), citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984).

{¶29} In order to show counsel's conduct was deficient or unreasonable, the defendant must overcome the presumption that counsel provided competent representation and must show that counsel's actions were not trial strategies prompted by reasonable professional judgment. *Strickland*, 466 U.S. at 687. Counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie*, 81 Ohio St.3d 673, 675 (1998). Tactical or strategic trial decisions, even if unsuccessful, do not generally constitute ineffective assistance. *State v. Frazier*, 61 Ohio St.3d 247, 255 (1991). Rather, the errors complained of must amount to a substantial violation of counsel's essential duties to his client. *See State v. Bradley*, 42 Ohio St.3d 136, 141-142 (1989), citing *State v. Lytle*, 48 Ohio St.2d 391, 396 (1976).

{¶30} In this case, Wilkins has not satisfied *Strickland*'s first prong. His argument that his counsel's performance was deficient is based on his beliefs that the amount of restitution is not supported by the record and that the trial court failed to consider his ability to pay. However, as we concluded above, the record supports the amount of restitution ordered by the trial court, and the trial court satisfied its statutory obligation to consider Wilkins' ability to pay. Therefore, Wilkins' cannot demonstrate that his trial counsel's performance was deficient or

-14-

unreasonable under the circumstances. *See State v. Jarrett*, 8th Dist. Cuyahoga No. 90404, 2008-Ohio-4868, ¶ 24 ("The restitution imposed was based upon the exact economic loss suffered and substantiated by the victims whom requested it. Therefore, counsel's failure to object or dispute the amount of restitution imposed does not constitute ineffective assistance of counsel under the first prong of *Strickland*.").

**{¶31}** Because Wilkins cannot demonstrate that his counsel's performance was deficient or unreasonable under the circumstances, he cannot satisfy the *Strickland* test, and we need not proceed to *Strickland*'s prejudice prong. *See State v. Hay*, 3d Dist. Union No. 14-2000-24, 2000 WL 1852725, *5 (Dec. 19, 2000).

**{¶32}** Wilkins' third assignment of error is overruled.

**{¶33}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and ROGERS, J., concur.**

**/jlr**