[Cite as *State v. Jones*, 2019-Ohio-4938.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### SHELBY COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

JAVONTE E. JONES,

    DEFENDANT-APPELLANT.

CASE NO. 17-19-08

O P I N I O N

Appeal from Shelby County Common Pleas Court
Trial Court No. 19CR000052

**Judgment Affirmed**

Date of Decision: December 2, 2019

APPEARANCES:

    *Jim R. Gudgel* for Appellant

    *Timothy S. Sell* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Javonte E. Jones ("Jones") appeals the judgment of the Shelby County Court of Common Pleas, alleging (1) that the trial court abused its discretion in sentencing him; (2) that his trial counsel was ineffective; and (3) that the trial court's order as to restitution was not based upon competent, credible evidence. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} On February 18, 2019, Jones and Amonte Clayton ("Clayton") were inside a Wal-Mart. Doc. 10. Clayton used a crowbar to force open a metal cage that stored a number of iPads. Doc. 10. In this process, the metal cage was damaged. Jones and Clayton removed nine iPads, left the store, and got in a vehicle. At roughly 5:30 A.M., Jones drove out of the Wal-Mart parking lot. Doc. 10. However, Officer Anderson Bradley ("Officer Bradley") noticed that Jones did not have his headlights activated. Doc. 10. At this point, Officer Bradley activated his lights to initiate a traffic stop, but Jones did not stop his vehicle and drove onto the interstate. Doc. 10. Officer Bradley continued to pursue Jones at speeds that ranged from eighty to ninety-five miles per hour. Doc. 10. The police deployed spike strips in Jones's path of travel. Doc. 10. Jones's vehicle came to a stop only after the spike strips disabled his vehicle. Doc. 10. In the vehicle, the police found nine iPads, two shirts, and a tote bag that had been stolen from Wal-Mart. Doc. 10.

{¶3} On February 21, 2019, Jones was indicted on one count of failure to comply with the order or signal of an officer in violation of R.C. 2921.331(B); one count of theft in violation of R.C. 2913.02(A)(1); and one count of vandalism in violation of R.C. 2909.05(B)(1)(b). Doc. 1. On March 26, 2019, Jones filed a petition to enter a plea of guilty. Doc. 44. This petition was based upon an underlying plea agreement. Doc. 44. Pursuant to this agreement, Jones pled guilty to failure to comply with the order or signal of an officer, and the State dismissed the charges of theft and vandalism. Doc. 44, 54. On May 13, 2019, the trial court entered its judgment entry of sentencing. Doc. 54. The trial court sentenced Jones to twenty-four (24) months in prison. Doc. 54. The trial court also ordered Jones to pay Wal-Mart restitution in the amount of $7,152.22. Doc. 54.

{¶4} The appellant filed his notice of appeal on May 31, 2019. Doc. 65. On appeal, Jones raises the following assignments of error:

**First Assignment of Error**

**The Court abused its discretion by imposing a prison sentence of 24 months.**

**Second Assignment of Error**

**Defense Counsel was ineffective for not requesting a separate restitution hearing.**

**Third Assignment of Error**

**The trial court committed reversible error under Section 2929.18 when it sentenced the Defendant-Appellant to pay restitution in**

**the amount of $7,152.55 without a reasonable degree of certainty based on competent and credible evidence.**

*First Assignment of Error*

{¶5} Jones argues that the trial court did not properly balance the seriousness and recidivism factors in imposing his sentence.

Legal Standard

{¶6} Trial courts are to sentence convicted felons in accordance with the overriding purposes of felony sentencing, which

**are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.**

R.C. 2929.11. "To effectuate compliance with these overriding purposes, the Ohio Revised Code requires the trial court to consider a number of factors listed in R.C. 2929.12." *State v. Walton*, 3d Dist. Logan No. 8-17-55, 2018-Ohio-1680, ¶ 6. The R.C. 2929.12 factors direct the trial court to evaluate the seriousness of the offense and the likelihood of recidivism. R.C. 2929.12.

**Although the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors listed in R.C. 2929.12, the sentencing court is not required to 'state on the record that it considered the statutory criteria or discuss[ed] them.' *State v. Polick*, 101 Ohio App.3d 428, 431 [655 N.E.2d 820] (4th Dist. 1995). A trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes.**

*State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 31.

**{¶7}** Appellate courts defer to the broad discretion of the trial court in matters of sentencing.[1] *State v. Witt*, 3d Dist. Auglaize No. 2-17-09, 2017-Ohio-7441, ¶ 12. If the defendant establishes by clear and convincing evidence that his or her sentence is "(1) contrary to law and/or (2) unsupported by the record," an appellate court has the authority, pursuant to R.C. 2953.08(G)(2), "to increase, reduce, or otherwise modify a sentence * * *." *State v. McGowan*, 147 Ohio St.3d 166, 2016-Ohio-2971, 62 N.E.3d 178, ¶ 1.

> **Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.**

*State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

Legal Analysis

**{¶8}** The trial court, at the sentencing hearing and in its judgment entry, stated that it considered the purposes and principles of sentencing in R.C. 2929.11

---

[1] We note that the trial court is given discretion in applying the statutory factors in the process of determining an appropriate sentence. A misapplication of these factors in sentencing that rises to the level of an abuse of discretion is clearly and convincingly contrary to law. Thus, we examine the record to determine whether the trial court clearly and convincingly failed to act in accordance with the laws governing the imposition of sentences.

and the seriousness and recidivism factors listed in R.C. 2929.12. Doc. 54. Tr. 10. *See Magette, supra*, at ¶ 31. Further, at the sentencing hearing, the trial court noted that Jones had a past criminal record; that Jones has "had difficulty accepting responsibility for * * * [his] conduct in this"; and that Jones had two other offenses that were dismissed pursuant to the plea agreement. Tr. 10-11. The trial court also mentioned that Jones fled the scene of the crime at speeds that neared one hundred miles per hour and had to be stopped using spike strips. Tr. 11.

{¶9} Further, when Jones pled guilty, he was informed that he could be sentenced up to thirty-six months in prison. Doc. 44. Thus, not only is this sentence within the range permitted by statute, but the imposed sentence falls short of what Jones was aware that he could receive by pleading guilty. After reviewing the evidence in the record, we conclude that some competent, credible evidence supports Jones's sentence. Jones has not demonstrated, by clear and convincing evidence, that his sentence is contrary to law. Thus, Jones's first assignment of error is overruled.

*Second Assignment of Error*

{¶10} Jones argues that he was denied his right to the effective assistance of counsel because his attorney did not request a separate restitution hearing.

Legal Standard

{¶11} "Under Ohio law, 'a properly licensed attorney is presumed to carry out his duties in a competent manner.'" *State v. Beaver*, 3d Dist. Marion No. 9-17-

37, 2018-Ohio-2438, ¶ 26, quoting *State v. Gee*, 3d Dist. Putnam No. 12-92-9, 1993 WL 270995 (July 22, 1993). In order to prove an ineffective assistance of counsel claim, the appellant must carry the burden of establishing (1) that his or her counsel's performance was deficient and (2) that this deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶12} The first prong "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 61. "Tactical or strategic trial decisions, even if unsuccessful, do not generally constitute ineffective assistance." *State v. Pellegrini*, 3d Dist. Allen No. 1-12-30, 2013-Ohio-141, ¶ 40. In order to establish prejudice, "the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *State v. Davis*, 3d Dist. Seneca No. 13-16-30, 2017-Ohio-2916, ¶ 36, quoting *State v. Bibbs*, 3d Dist. Hancock No. 5-16-11, 2016-Ohio-8396, ¶ 13.

{¶13} "If the appellant does not establish one of these two prongs, the appellate court does not need to consider the facts of the case under the other prong of the test." *State v. Smalley*, 3d Dist. Henry No. 7-18-30, 2019-Ohio-1572, ¶ 5, citing *State v. Walker*, 2016-Ohio-3499, 66 N.E.3d 349, ¶ 20 (3d Dist.). "Appellate courts are to examine the record to determine whether the defendant had a fair

proceeding under the circumstances and whether substantial justice was done." *State v. McWay*, 3d Dist. Allen No. 1-17-42, 2018-Ohio-3618, ¶ 24, citing *State v. Hester*, 45 Ohio St.2d 71, 341 N.E.2d 304 (1976), paragraph four of the syllabus.

Legal Analysis

{¶14} In this case, Jones expressly agreed to pay restitution as part of a plea agreement in which two charges against him were dismissed. Doc. 44. At the beginning of Jones's sentencing hearing, the State clearly stated that the amount of restitution requested by Wal-Mart was $7,152.55. Tr. 7. The State obtained this figure from the presentence investigation. Tr. 7. This apparently included the costs of the electronics and the damage to the interior of the cage that contained the iPads. Tr. 9. At this point, Jones's counsel, in reference to the amount of restitution that Wal-Mart requested, said: "I believe that they [Wal-Mart] would have at least received back the lost or the—the electronics equipment. So I'm not sure why they couldn't have sold that. It wasn't damaged as far as I know." Tr. 9.

{¶15} In response to this statement, the trial court stated that it was obligated to order restitution in this case but asked Jones if he wanted to present any information to contest the amount of restitution that had been presented by Wal-Mart. Tr. 8. After a brief, off-the-record colloquy between Jones and his trial counsel, the Defense indicated that it would not contest the amount of the damages that Wal-Mart reported. Tr. 9. The trial court stated that it was going to impose the

amount of restitution as a "joint and several obligation * * * of the co-defendants in the case." Tr. 9.

{¶16} The trial court then gave Jones another opportunity to contest the amount of restitution at a separate hearing. Tr. 10. Again, defense counsel engaged in another off-the-record colloquy with Jones. Tr. 11. Jones, who was aware that the amount of restitution that Wal-Mart requested was $7,152.55, indicated to his trial counsel that he "believe[d] that he[ was] capable of * * * paying restitution and [was] willing to pay restitution in this matter." Tr. 10.

{¶17} Thus, the record indicates that defense counsel effectuated the wishes of Jones in declining the opportunity to have a restitution hearing. Tr. 10. Jones has not carried the burden of establishing that his trial counsel was ineffective. *See State v. Banks*, 2d Dist. Montgomery No. 20711, 2005-Ohio-4488, ¶ 11. After reviewing the record, we do not find any indication that defense counsel's performance in this matter fell below the objective standard of reasonableness that is held to attorneys.

{¶18} We also note that Jones has not met the burden of proving that he was prejudiced. Jones asserts that the failure of his attorney to request a restitution hearing operated to his prejudice because he was ordered to pay $7,251.55 in restitution. However, the fact that the defense counsel was effectuating Jones's wishes also defeats his argument as to prejudice. In this case, Jones was aware of the amount of restitution that Wal-Mart was requesting. Jones also knew, from his

defense counsel's statements at the sentencing hearing, that there were some arguments against the amount of the restitution. The trial court gave Jones two opportunities to contest the amount of restitution.

{¶19} However, Jones twice chose not to contest the amount of restitution and instead indicated to his counsel that he was willing and capable of paying for this amount. Tr. 10. Thus, Jones has not, on appeal, alleged prejudice that resulted from his counsel's performance. Rather, he has alleged prejudice that resulted from his own choices. For these reasons, Jones's second assignment of error is overruled.

### Third Assignment of Error

{¶20} Jones argues that the trial court's order for him to pay $7,152.22 in restitution is not based upon competent, credible evidence.

### Legal Standard

{¶21} R.C. 2929.18(A)(1) authorizes a trial court to impose restitution as part of a sentence in order to compensate the victim for economic loss. *State v. Lalain*, 136 Ohio St.3d 248, 2013-Ohio-3093, 994 N.E.2d 423, ¶ 20. R.C. 2929.18(A) reads, in its relevant part, as follows:

> **If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss**

> **suffered by the victim as a direct and proximate result of the commission of the offense.**

R.C. 2929.18(A)(1). "There must be competent and credible evidence in the record from which the court may ascertain the amount of restitution to a reasonable degree of certainty." *State v. Estes*, 3d Dist. Seneca No. 13-11-14, 2011-Ohio-5740, ¶ 20.

{¶22} R.C. 2929.18(A)(1) also provides that "[i]f the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount." R.C. 2929.18(A)(1). However, "[a] defendant who does not dispute an amount of restitution, request a hearing, or otherwise object waives all but plain error in regards to the order of restitution." *State v. Snowden*, 2019-Ohio-3006, --- N.E.3d ---, ¶ 88 (2d Dist.). *See State v. Dunham*, 5th Dist. Richland No. 13CA26, 2014-Ohio-1042, ¶ 84; *State v. Downie*, 183 Ohio App.3d 665, 2009-Ohio-4643, 918 N.E.2d 218, ¶ 32 (7th Dist.); *State v. Ford*, 9th Dist. Summit No. 26073, 2012-Ohio-1327, ¶ 6.

{¶23} Under Crim.R. 52(A), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B).

> **"In order to find plain error under Crim.R. 52(B), there must be an error, the error must be an 'obvious' defect in the trial proceedings, and the error must have affected 'substantial rights.'" *State v. Bowsher*, 3d Dist. Union No. 14-07-32, 2009-Ohio-6524, ¶ 12, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). 'The standard for plain error is whether, but for the error, the outcome of the proceeding clearly would have been otherwise.' *State v. Hornbeck*, 155 Ohio App.3d 571, 2003-**

**Ohio-6897, 802 N.E.2d 184, ¶ 16 (2d Dist.), citing *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978). Notice of plain error is taken "only to 'prevent a manifest miscarriage of justice.'" *State v. Davis*, 3d Dist. Seneca No. 13-16-30, 2017-Ohio-2916, ¶ 23, quoting *Long, supra*, at paragraph three of the syllabus.**

*State v. Taflinger*, 3d Dist. Logan No. 8-17-20, 2018-Ohio-456, ¶ 17. Under Crim.R. 52(B), "the defendant bears the burden of demonstrating that a plain error affected his substantial rights." (Emphasis sic.) *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, ¶ 14.

Legal Analysis

{¶24} Jones, on appeal, seeks to contest the amount of restitution that the trial court imposed. R.C. 2929.18(A)(1) provides an avenue for a defendant to contest the amount of restitution. R.C. 2929.18(A)(1). However, Jones chose not to contest the amount of restitution and did not raise these arguments before the trial court. Tr. 9-10. In fact, Jones indicated to the trial court that he was "capable" and "willing" to pay the amount of restitution submitted by Wal-Mart. Tr. 10. Since Jones did not contest the amount of restitution before the trial court, Jones has waived all but plain error.

{¶25} On appeal, Jones has not carried the burden of demonstrating that the trial court committed plain error in imposing $7,152.22 in restitution. In this case, the trial court based the amount of restitution on the economic losses reported by the victim, Wal-Mart. Doc. 54. Tr. 9. The trial court had the authority, under R.C. 2929.18(A)(1), to base the amount of the restitution "on an amount *recommended*

-12-

*by the victim*, the offender, a presentence investigation report, estimates or receipts * * *." (Emphasis added.)  R.C. 2929.18(A)(1).

{¶26} The evidence in the record indicates that the trial court acted in accordance with the dictates of R.C. 2929.18(A)(1). After reviewing the evidence in the record, we find no indication of an obvious defect in the process of imposing restitution.  For this reason, Jones's third assignment of error is overruled.

*Conclusion*

{¶27} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Shelby County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**SHAW and PRESTON, J.J., concur.**

**/hls**