[Cite as *State v. Queen*, 2020-Ohio-618.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

ADAM QUEEN,

    DEFENDANT-APPELLANT.

CASE NO. 8-19-41

O P I N I O N

Appeal from Logan County Common Pleas Court
Trial Court No. CR 19 02 0034

**Judgment Affirmed**

Date of Decision:  February 24, 2020

APPEARANCES:

    *Samantha L. Berkhofer* **for Appellant**

    *Alice Robinson-Bond* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Adam S. Queen ("Queen") appeals the judgment of the Logan County Court of Common Pleas, alleging that the trial court erred by imposing restitution. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} On February 12, 2019, Queen was indicted on two counts of receiving stolen property in violation of R.C. 2913.51(A); four counts of having weapons while under disability in violation of R.C. 2923.13(A)(2); and one count of tampering with evidence in violation of R.C. 2921.12(A)(1). On June 13, 2019, Queen pled guilty to two counts of receiving stolen property in violation of R.C. 2913.51(A) and one count of having weapons while under disability in violation of R.C. 2923.13(A)(2). Doc. 68. The remaining charges in the indictment were dismissed. Doc. 68.

{¶3} On July 16, 2019, Queen appeared at his sentencing hearing. Doc. 74. Prior to this hearing, the three victims in this case submitted itemized lists that documented the damages that they each incurred from Queen's offenses. The sum of these reported damages was $6,510.00. Doc. 74. At sentencing, the trial court ordered Queen to pay a total amount of $6,510.00 in restitution. Tr. 15-16. Doc. 74. This restitution was imposed as a joint and several obligation with a

codefendant. Tr. 15. Queen's trial counsel did not object to the amount or imposition of restitution at the sentencing hearing.

*Assignment of Error*

{¶4} Appellant filed his notice of appeal on July 18, 2019. Doc. 86. On appeal, Queen raises the following assignment of error:

**Whether the trial court improperly awarded restitution?**

Queen advances two arguments under this assignment of error. First, he argues that the restitution was improperly imposed because the record does not indicate "what the restitution was for, whether the property was returned, or whether insurance had reimbursed any amount." Appellant's Brief, 4. Second, he argues that he was denied his right to the effective assistance of counsel because his attorney did not object to the imposition of restitution.

Imposition of Restitution Standard

{¶5} "R.C. 2929.18(A)(1) authorizes a trial court to impose restitution as part of a sentence in order to compensate the victim for economic loss." *State v. Jones*, 3d Dist. Shelby No. 17-19-08, 2019-Ohio-4938, ¶ 21.

> **If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss**

**suffered by the victim as a direct and proximate result of the commission of the offense.**

R.C. 2929.18(A)(1). Ohio courts have held that restitution may be imposed on an indigent defendant. *State v. Felder*, 3d Marion No. 9-04-51, 2005-Ohio-546, ¶ 6, 8; *State v. Brewer*, 2014-Ohio-1903, 11 N.E.3d 317 (3d Dist.); *State v. Miller*, 2017-Ohio-961, 86 N.E.3d 695 (8th Dist.); *State v. Conway*, 10th Dist. Franklin No. 03AP-1120, 2004-Ohio-5067, ¶ 6.

{¶6} "There must be competent and credible evidence in the record from which the court may ascertain the amount of restitution to a reasonable degree of certainty." *State v. Estes*, 3d Dist. Seneca No. 13-11-14, 2011-Ohio-5740, ¶ 20. Appellate courts generally apply an abuse-of-discretion standard to an order of restitution and any determination that the defendant has the ability to pay. *State v. Shaffer*, 3d Dist. Union No. 14-09-06, 2009-Ohio-4804, ¶ 9. However, if the appellant did not object to the award of restitution below, then appellate courts review the record for plain error. *State v. Adams*, 3d Dist. Defiance No. 4-09-16, 2009-Ohio-6863, ¶ 34.

{¶7} Under Crim.R. 52(A), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B).

> **"In order to find plain error under Crim.R. 52(B), there must be an error, the error must be an 'obvious' defect in the trial proceedings, and the error must have affected 'substantial rights.'"** *State v. Bowsher*, **3d Dist. Union No. 14-07-32, 2009-**

> **Ohio-6524, ¶ 12, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). 'The standard for plain error is whether, but for the error, the outcome of the proceeding clearly would have been otherwise.' *State v. Hornbeck*, 155 Ohio App.3d 571, 2003-Ohio-6897, 802 N.E.2d 184, ¶ 16 (2d Dist.), citing *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978). Notice of plain error is taken "only to 'prevent a manifest miscarriage of justice.'" *State v. Davis*, 3d Dist. Seneca No. 13-16-30, 2017-Ohio-2916, ¶ 23, quoting *Long, supra*, at paragraph three of the syllabus.**

*State v. Taflinger*, 3d Dist. Logan No. 8-17-20, 2018-Ohio-456, ¶ 17. The defendant bears the burden of establishing an obvious defect in the proceedings. *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 22.

Imposition of Restitution Analysis

{¶8} In this case, Queen did not object to the imposition of restitution or the amount of restitution at his sentencing hearing. For this reason, all but plain error has been waived. *Adams* at ¶ 34. Queen argues that there was no evidence in the record that connects the restitution to his offenses. However, the bill of particulars includes the facts alleged by the prosecution and tie Queen's actions to a number of the damages reported by the victims. Doc. 40. Further, the presentence investigation also details the facts surrounding the offenses to which he pled guilty and documents the damages that his illegal actions incurred. The facts, as to these damages, correspond to the itemized lists of economic losses submitted by the three victims of Queen's offenses. Thus, this argument is without merit because the materials in the record connect Queen's actions to the reported damages.

{¶9} Queen next argues that he did not agree to pay restitution in his plea agreement. However, the trial court has the authority to impose restitution. Under R.C. 2929.18(A), Queen did not have to agree to pay restitution in his plea agreement in order for the trial court to impose this financial sanction. Further, Queen signed a plea agreement that stated he "underst[oo]d that court costs, restitution and other financial sanctions * * * may also be imposed." Doc. 68. Thus, this particular argument is without merit.

{¶10} Queen also makes arguments against the amount of restitution. The presentence investigation contained three victim impact statements in which the victims of Queen's offenses listed the items that were lost or damaged as a result of the crimes for which Queen was convicted. The victims were expressly instructed not to list any undamaged items that were recovered by the police. The victims attached receipts to substantiate the reported value of a number of the damaged items. The total amount of the damages reported by all three victims was the exact amount of restitution that the trial court imposed. Thus, the amount of restitution was tied to the evidence of economic losses. R.C. 2929.18(A)(1) authorizes a trial court to base the award of restitution "on an amount recommended by the victim, * * * a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property." R.C. 2929.18(A)(1). Thus, Queen's argument is without merit because the trial court based the imposition of restitution upon some competent, credible evidence.

**{¶11}** Finally, Queen argues that the trial court erred by failing to consider his present or future ability to pay restitution before imposing this financial sanction. R.C. 2929.19(B)(5) reads as follows:

> **Before imposing a financial sanction under section 2929.18 of the Revised Code or a fine under section 2929.32 of the Revised Code, the court shall consider the offender's present and future ability to pay the amount of the sanction or fine.**

R.C. 2929.19(B)(5). This provision "does not impose a duty on the trial court to consider any specific factors, nor does it require the trial court to make any specific findings concerning the defendant's ability to pay." *State v. Didion*, 173 Ohio App.3d 130, 2007-Ohio-4494, 877 N.E.2d 725 (3d Dist.). "If the record shows that the court considered a presentence investigation report that provides pertinent information about the offender's financial situation and his ability to pay the financial sanction, it has met its obligation under R.C. 2929.19(B)(5)." *State v. Wilkins*, 3d Dist. Shelby No. 17-13-13, 2014-Ohio-983, ¶ 18, quoting *State v. Petrie*, 4th Dist. Meigs No. 12CA4, 2013-Ohio-887, ¶ 5. *See Conway*, *supra*, at ¶ 10, citing *State v. Moore*, 12th Dist. Butler No. CA2002-12-307, 2003-Ohio-6255, ¶ 38 (holding compliance with this provision is presumed when the trial court considers a presentence investigation).

**{¶12}** In this case, several of the defendant's family members spoke at the sentencing hearing about Queen's work ethic and the jobs that he has had. Tr. 6, 7-8. *See State v. Bemmes*, 1st Dist. Hamilton No. C-010522, 2002 WL 507337, *2

(Apr. 5, 2002). The presentence investigation also contains relevant information regarding Queen's age, mental health, physical condition, income, expenses, employment history, and financial situation. PSI. The investigator determined that "Queen reported a stable financial picture." PSI. At the sentencing hearing, the trial court referenced information in the presentence investigation report. Further, the trial court stated in its judgment entry that it considered the presentence investigation report. *See State v. Rigsbee*, 174 Ohio App.3d 12, 2007-Ohio-6267, 880 N.E.2d 524, ¶ 30 (2d Dist.); *State v. Bulstrom*, 2013-Ohio-3582, 997 N.E.2d 162, ¶ 16 (4th Dist.). Thus, there is some evidence in the record that the trial court considered Queen's ability to pay restitution.[1] For this reason, this argument is without merit.

### Ineffective Assistance of Counsel Standard

{¶13} "Under Ohio law, 'a properly licensed attorney is presumed to carry out his duties in a competent manner.'" *State v. Beaver*, 3d Dist. Marion No. 9-17-

---

[1] "[O]n February 5, 2018, the amendment to Article I, Section 10a of the Ohio Constitution, known as Marsy's Law, became effective." *State v. Jones*, 1st Dist. Hamilton No. C-190039, 2020-Ohio-81, ¶ 9. Under this provision, victims have a series of rights that are "to be protected in a manner no less vigorous than the rights afforded to the accused. Article I, Section 10a of the Ohio Constitution. One of these rights is "to full and timely restitution from the person who committed the criminal offense or delinquent act against the victim * * *." *Id*. at (A)(7). The language in R.C. 2929.18(A)(1) gives trial courts the option to impose restitution against a criminal defendant as a financial sanction. It is not clear how the language of Marsy's Law, which appears to give a victim the right to restitution, interacts with R.C. 2929.18(A)(1) or R.C. 2929.19(B)(5). In particular, it is not clear how the defendant's statutory right to have his ability to pay considered under R.C. 2929.19(B)(5) interacts with the victim's constitutional right to restitution under Article I, Section 10a(A)(7). In this case, however, the defendant's statutory right and the victim's constitutional right are not in conflict because we have determined that the defendant has the ability to pay and that the trial court did not err in awarding the victim restitution. Thus, our "ability to pay" analysis from R.C. 2929.19(B)(5) does not interfere with any right to restitution that the victims have. In the absence of such a conflict, we do not need to further consider the effect that Marsy's Law has on the operation of R.C. 2929.18(A)(1) or R.C. 2929.19(B)(5).

37, 2018-Ohio-2438, ¶ 26, quoting *State v. Gee*, 3d Dist. Putnam No. 12-92-9, 1993 WL 270995 (July 22, 1993). For this reason, the appellant has the burden of proving that he or she was denied the right to the effective assistance of counsel. *State v. Smalley*, 3d Dist. Henry No. 7-18-30, 2019-Ohio-1572, ¶ 4, quoting *State v. Brown*, 3d Dist. Hancock No. 5-17-19, 2018-Ohio-899, ¶ 42. "In order to prove an ineffective assistance of counsel claim, the appellant must carry the burden of establishing (1) that his or her counsel's performance was deficient and (2) that this deficient performance prejudiced the defendant." *State v. McWay*, 3d Dist. Allen No. 1-17-42, 2018-Ohio-3618, ¶ 24, quoting *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**{¶14}** In order to establish deficient performance, the appellant must demonstrate that trial "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *State v. Howton*, 3d Dist. Allen No. 1-16-35, 2017-Ohio-4349, ¶ 35, quoting *Strickland* at 687. "[D]ebatable trial tactics do not establish ineffective assistance of counsel." *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 101. Generally, "[t]he failure to make objections is not alone enough to sustain a claim of ineffective assistance of counsel and may be justified as a tactical decision." *State v. Harrison*, 2015-Ohio-1419, 31 N.E.3d 220 (3d Dist.).

**{¶15}** In order to establish prejudice, "the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have

been different." *Davis*, *supra*, at ¶ 36, quoting *State v. Bibbs*, 2016-Ohio-8396, 78 N.E.3d 343, ¶ 13 (3d Dist.). If the appellant does not establish one of these two prongs, the appellate court does not need to consider the facts of the case under the other prong of the test. *State v. Baker*, 3d Dist. Allen No. 1-17-61, 2018-Ohio-3431, ¶ 19, citing *State v. Walker*, 2016-Ohio-3499, 66 N.E.3d 349, ¶ 20 (3d Dist.).

Ineffective Assistance of Counsel Analysis

{¶16} In this case, the amount of restitution was based upon the economic losses reported by the victims of the offenses to which Queen pled guilty. The victim impact statements and the attached receipts substantiate the amount of restitution that the trial court imposed. Further, we already determined that the trial court considered Queen's ability to pay restitution because the record indicates that the trial court considered the presentence investigation. The evidence in the record does not support Queen's assertion that his trial counsel behaved unreasonably in these circumstances. *See Wilkins*, supra, at ¶ 30.

{¶17} Thus, in this matter, Queen has not demonstrated that his trial counsel's failure to object to the amount or imposition of restitution constituted deficient performance. *See Wilkins, supra*, at ¶ 30, citing *State v. Jarrett*, 8th Dist. Cuyahoga No. 90404, 2008-Ohio-4868, ¶ 24 ("The restitution imposed was based upon the exact economic loss suffered and substantiated by the victims whom requested it. Therefore, counsel's failure to object or dispute the amount of restitution imposed does not constitute ineffective assistance of counsel under the

first prong of *Strickland*.").  Since Queen has not carried the burden of establishing deficient performance, we need not examine the facts of this case under the second prong of the *Strickland* Test.  Thus, we find that Queen's ineffective assistance of counsel claim fails for the same reason we did not find plain error.

*Conclusion*

{¶18} In his arguments, Queen has not carried the burden of establishing that the trial court committed plain error or that he was denied the right to the effective assistance of counsel.  Thus, his sole assignment of error is overruled.  Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Logan County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**SHAW P.J. and ZIMMERMAN J., concur.**

**/hls**